IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAN ANTHONY GILMORE,

    Plaintiff,

  v.                                  Civil Action 2:16-cv-395
                                        Judge George C. Smith
                                        Magistrate Judge Jolson

SHANDAN HITCHENS, et al.,

    Defendants.

**ORDER AND REPORT AND RECOMMENDATION**

For the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims against all Defendants except for Defendants Hitchens and Frederick be **DISMISSED without prejudice**. In addition, the deadline for Plaintiff to file a single, comprehensive amended complaint is extended until October 24, 2016. The Court cautions Plaintiff that his failure to comply with this deadline may result in the dismissal of this action.

### I. BACKGROUND

Plaintiff Sean Anthony Gilmore, a state prisoner at the North Central Correction Institution, brings this action alleging that he was assaulted in his cell by prison employees at the Correctional Reception Center in Orient, Ohio, and then denied medical care following the assault. (Doc. 1 ¶¶ 1–3). This matter is currently before the Court on Plaintiff's failure to effect service and failure to follow the Court's instructions regarding the filing of a comprehensive amended pleading.

Regarding service, Plaintiff filed his complaint in this case on May 2, 2016. (Doc. 1). By June 29, 2016, having seen no movement regarding service, the undersigned reminded Plaintiff of his obligation to provide the appropriate service forms to the Clerk, and warned him

that his case could be dismissed if he failed to effect timely service. (Doc. 6). On July 29, 2016, Defendant Shandan Hitchens returned an executed summons. (Doc. 11). On August 4, 2016, Plaintiff moved for additional time to serve the remaining Defendants. (*See, e.g.*, Doc. 20). On August 15, 2016, the Court granted Plaintiff a thirty-day extension of time to effect service. (Doc. 23). Plaintiff has been advised on three occasions—once in the Court's Order from June 29, 2016 (Doc. 6), once in its Order from August 15, 2016 (Doc. 23), and once in a subsequent Order on August 31, 2016 (Doc. 30)—that his failure to effect timely service might result in the dismissal of this case. To date, Plaintiff has effected service only upon Defendant Hitchens.

Additionally, Plaintiff has had issues filing an amended complaint in this matter. In its Order from August 15, 2016, the Court granted Plaintiff leave to file an amended complaint by August 29, 2016, to add his request for a jury trial and to add "DWO G. Fredrick" as a Defendant. (Doc. 23 at 2). Rather than following the Court's directions, Plaintiff proceeded to file a number of discovery motions. (*See, e.g.*, Docs. 24, 25, 26). On August 31, 2016, the Court denied these motions as premature and extended Plaintiff's deadline for filing a comprehensive amended complaint until September 17, 2016. (*See* Doc. 30 at 2–3). Plaintiff was cautioned that his failure to comply with the extended deadline for filing a comprehensive complaint might result in the dismissal of this action. (Doc. 30 at 3). On September 27, 2016, the Court's Order from August 31, 2016, was returned as undeliverable and re-mailed to Plaintiff on the same day.

## II.  DISCUSSION

### A.  Failure to Effect Service

The complaint in this action was filed on May 2, 2016. (Doc. 1). There is no record that service has been made upon any of the Defendants except for Defendant Shandan Hitchens. (Doc. 11). Federal Rule of Civil Procedure 4(m) provides in relevant part:

2

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As explained, the deadline for service in this case has already been extended once, for an additional thirty days from August 15, 2016. (Doc. 23). Plaintiff has been advised on three occasions that his failure to effect timely service might result in the dismissal of this case. (Docs. 6, 23, 30). More than thirty days have passed since the extension of the deadline, and Plaintiff has still not failed to effect timely service on all Defendants except Mr. Hitchens. Without any further attempt to provide good cause for his failure to effect service, it is recommended that this matter be dismissed without prejudice pursuant to Rule 4(m) against all Defendants except for Mr. Hitchens and Mr. Frederick, the newly added Defendant. *See, e.g.*, *VanDiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004) ("This is not a case where the plaintiff can rely on the Marshal's failure to act as good cause for failure to serve Defendants within 120 days as required by Rule 4(m). Accordingly, . . . the complaint [is] dismissed against Defendants Debruyn and King without prejudice because Plaintiff has not shown 'good cause' why he has failed to serve them within 120 days under Rule 4(m)."); *Price v. Howard*, No. 1:10-CV-374, 2011 WL 4496661, at *3 (W.D. Mich. Sept. 27, 2011) (pro se prisoner's claims against John Doe defendant "dismissed without prejudice for failure to effect timely service").

### B. Failure to File Amended Complaint

Plaintiff has now missed two Court-ordered deadlines to file a comprehensive amended complaint against Defendant Hitchens, newly added Defendant DWO G. Frederick, and any other person Plaintiff sought to name as a Defendant in this action. (*See, e.g.*, Doc. 23 at 5 (granting Plaintiff leave to file a comprehensive amended complaint by August 29, 2016); Doc.

3

30 at 2–3 (granting Plaintiff fourteen days from August 31, 2016, to file a single, comprehensive complaint asserting all of his allegations in one document)).  However, the undersigned's August 31, 2016, Order was returned as undeliverable on September 27, 2016.  The Order was re-mailed to Plaintiff on the same day.  For this reason, Plaintiff's deadline for filing a single, comprehensive amended complaint is extended until October 24, 2016.  Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of this action for failure to prosecute or comply with the Court's Orders.  Fed. R. Civ. P. 41(b) (allowing for dismissal where a "plaintiff fails to prosecute or to comply with the[] [civil] rules or a court order"); *see Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) ("A district court has discretion to dismiss under Rule 41(b) if a party has engaged in contumacious conduct or has actual notice that dismissal is contemplated." (quotations omitted)).

### III.  CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Plaintiff's claims against all Defendants except for Defendants Hitchens and Frederick be **DISMISSED without prejudice**.  In addition, the deadline for Plaintiff to file a single, comprehensive amended complaint is extended until October 24, 2016.  The Court cautions Plaintiff that his failure to comply with this deadline may result in the dismissal of this action.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

4

to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. Rule 72(a); Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.3.

IT IS SO ORDERED.


Date: October 12, 2016              /s/ Kimberly A. Jolson
                                    KIMBERLY A. JOLSON
                                    UNITED STATES MAGISTRATE JUDGE